# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JOSEPH SIMEONE,**

     *Plaintiff,*                      Case No.:

     v.

**CAPITAL ONE BANK (USA)**            **JURY TRIAL DEMANDED**
**NATIONAL ASSOCIATION,**
**EQUIFAX INFORMATION**
**SERVICES, LLC, EXPERIAN**
**INFORMATION SOLUTIONS,**
**INC., FIRSTSOURCE**
**ADVANTAGE LLC, TRANS**
**UNION, LLC,** *and* **WELLS FARGO**
**BANK NA,**

     *Defendants.*

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

     **COMES NOW** the Plaintiff, **JOSEPH SIMEONE** ("**Mr. Simeone**"), by and

through his attorneys, Seraph Legal, P.A., and complains of the Defendants,

**CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION** ("**Capital One**"),

**EQUIFAX INFORMATION SERVICES, LLC** ("**Equifax**"), **EXPERIAN**

**INFORMATION SOLUTIONS, INC.** ("**Experian**"), **FIRSTSOURCE**

**ADVANTAGE LLC** ("**First Source**"), **TRANS UNION, LLC** ("**Trans Union**"),

and **WELLS FARGO BANK NA** ("**Wells Fargo**"), stating as follows:

## PRELIMINARY STATEMENT

1.    This is an action brought by Mr. Simeone **against Capital One and First Source only** for violations of the **Florida Consumer Collection Practices Act**, § 559.55, Fla. Stat., et seq. ("**FCCPA**"), **against First Source only** for violations of the **Fair Debt Collection Practices Act**, 15 U.S.C. § 1692, et seq. ("**FDCPA**"), and **against Capital One, Experian, Equifax, Trans Union, and Wells Fargo** for violations of the **Fair Credit Reporting Act**, 15 U.S.C. § 1681, et. seq. ("**FCRA**").

## JURISDICTION AND VENUE

2.    Subject matter jurisdiction arises under the FDCPA, 15 USC 1692k(d), the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3.    The Defendants are subject to the provisions of the FCCPA, § 559.55, Fla. Stat., et seq., and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes, and Fed. R. Civ. P. 4(k).

4.    Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and/or caused by the Defendants within this District.

## PARTIES

5.    **Mr. Simeone** is a natural person residing in the City of Lakeland, Polk County, Florida, and is a *consumer* as defined by the FCCPA, Section

559.55(8), Florida Statutes, the FDCPA, 15 U.S.C. § 1692a(3), and the FCRA, 15 U.S.C. § 1681a(c).

## Capital One

6.     **Capital One** is a federally chartered banking institution, with a primary business address of 4581 Cox Road, Glen Allen, VA 23060.

7.     Capital One's Virginia Registered Agent is Corporation Service Company, 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

## Equifax

8.     **Equifax** is a Georgia limited liability company with a primary business address of 1550 Peachtree Street NE, Atlanta, GA 30309.

9.     Equifax is registered to conduct business in the State of Florida, where its registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

## Experian

10.     **Experian** is an Ohio corporation, with a primary business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

11.     Experian is registered to conduct business in the State of Florida, where its registered agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

**First Source**

12.　**First Source** is a New York limited liability company with a principal business address of 205 Bryant Woods South, Amherst, NY 14228.

13.　First Source's Florida Registered Agent is CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324.

14.　First Source is a debt collector within the meaning of both the FDCPA and FCCPA, 15 U.S.C. § 1692a(6) and § 559.55(7), Fla. Stat., respectively, in that it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or it regularly uses instruments of commerce, including the internet and mail, interstate and within the state of Florida, for their business, the principal purpose of which is the collection of debts.

**TransUnion**

15.　**TransUnion** is a Delaware limited liability company, with a principal business address of 555 West Adams Street, Chicago, IL 60661.

16.　TransUnion is registered to conduct business in the State of Florida, where its registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

### Wells Fargo

17.     **Wells Fargo** is a California corporation with a principal business address of 1 Home Campus Mac, X2401-049, Des Moines, IA 50328.

18.     Wells Fargo's California Registered agent address is Corporation Service Company, 2710 Gateway Oaks Drive, Sacramento, CA 95833.

### EQUIFAX, EXPERIAN & TRANSUNION ARE
### CREDIT REPORTING AGENCIES

19.     Equifax, Experian, and TransUnion are each nationwide *Consumer Credit Reporting Agencies* ("CRAs") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, they regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which use means or facilities of interstate commerce, specifically the mail and internet, for the purpose of preparing or furnishing consumer reports.

### FACTUAL ALLEGATIONS

### Plaintiff's Bankruptcy Filing

20.     On or about May 26, 2023, Mr. Simeone filed a Voluntary Petition for Chapter 7 Bankruptcy in the U.S. Bankruptcy Court for the Middle District of Florida ("the Bankruptcy Petition") jointly with his wife.

21.     Mr. Simone's petition was assigned case number 8:23-bk-02176-RCT.

22.　　The Bankruptcy Petition included Capital One and Wells Fargo as unsecured creditors in the schedule of debts. **SEE PLAINTIFF'S EXHIBIT A.**

23.　　On or about May 31, 2023, the United States Bankruptcy Court, Middle District of Florida, Tampa Division, electronically sent a Notice of Chapter 7 Bankruptcy Petition ("Bankruptcy Notice") to Plaintiff's creditors, including Capital One and Wells Fargo. **SEE PLAINTIFF'S EXHIBIT B.**

24.　　Both Capital One and Wells Fargo received the Bankruptcy Notice.

25.　　On or about September 6, 2023, the United States Bankruptcy Court entered an order of discharge ("Discharge Order") in Plaintiff's Joint Bankruptcy Petition. **SEE PLAINTIFF'S EXHIBIT C.**

26.　　The Discharge Order eliminated Plaintiff's personal liability with respect to any account balances owed to Capital One and Wells Fargo.

27.　　As such, as of September 6, 2023, and pursuant to a court order, Plaintiff did not personally owe a balance to Capital One nor Wells Fargo concerning any accounts.

28.　　On or about September 6, 2023, the United States Bankruptcy Court sent a copy of the Discharge Order to Capital One and Wells Fargo.

29.　　Both Capital One and Wells Fargo received the Discharge Order.

30.　　Plaintiff did not re-affirm any unsecured debts or otherwise engage in any action which could be construed as a reaffirmation of unsecured debt

otherwise eligible for discharge through bankruptcy, including his Capital One and Well Fargo Accounts.

## LexisNexis Provides Bankruptcy Data to the CRAs

31.    Within days of Mr. Simeone filing his bankruptcy petition in the Tampa Division of the Middle District of Florida, LexisNexis Risk Solutions ("LexisNexis") obtained the public record data, formatted it to meet Metro 2 standards, and furnished the data to its customer CRAs, which include Equifax, Experian, TransUnion, and Innovis Data Solutions, Inc. ("Innovis").

32.    LexisNexis is the main public records vendor for the major nationwide CRAs and has contracts with each CRA to provide data obtained from public records, such as tax liens and bankruptcy filings.

33.    While LexisNexis furnishes and formats public records data, it does not, itself, match public records data to individual consumer credit files maintained by the CRAs.

34.    In other words, LexisNexis simply provides a factual record of public record filings, while the CRAs themselves are responsible for matching those records with a consumer's credit file and ensuring that the records are correctly inserted in a consumer's credit file.

35.    One of the four major CRAs, Innovis, accurately and timely updated its file on Mr. Simeone to reflect his debts incurred pre-petition had been

discharged through Chapter 7 Bankruptcy, including the Wells Fargo Account had been discharged[1]. **SEE PLAINTIFF'S EXHIBIT D.**

36.    Experian, TransUnion and Equifax continued to report Mr. Simeone had a past-due, charged-off balance of $3,632 still owed to Capital One; and CapitalOne made new reports to these CRAs monthly, re-reporting the inaccurate information.

37.    Experian and Equifax reported in their credit files on Mr. Simeone that he had a charged-off, past-due balance of $9,272 owed to Wells Fargo. TransUnion indicated Mr. Simeone's Wells Fargo account was "closed by credit grantor" and did not report a balance. **SEE PLAINTIFF'S EXHIBIT E & F.**

38.    The Wells Fargo account was a joint account between Mr. Simeone and his wife, and both were contractually liable for repaying the balance.

39.    Equifax and Experian reported in their credit files on Plaintiff's wife that the Wells Fargo account had a $0 balance as it had been discharged in Chapter 7 Bankruptcy.

40.    Thus, while Innovis correctly updated Mr. Simeone's Wells Fargo balance to show $0 and discharged through bankruptcy, and TransUnion did not report a balance either, Equifax and Experian continued to report nearly $10,000

---

[1] Capital One does not report to Innovis and thus no tradeline appeared in Mr. Simeone's Innovis credit file to update.

owed by Mr. Simone despite this being false, and Equifax and Experian knew, or should have known, this was false.

41.    The most commonly used credit scores in the United States, including FICO, consider a bankruptcy discharge to be adverse.

42.    However, FICO and other scoring models consider the combination of a bankruptcy discharge *and* the presence of delinquent debt post-discharge to be extremely adverse, since, as common-sense indicates, a person who received a "fresh start" from a Chapter 7 Petition and then quickly accumulates "new" delinquent debt is at extremely high risk of default on any new credit lines extended.

43.    Thus, the impact on Mr. Simeone's credit scores due to Equifax, Experian, and TransUnion's erroneous reporting were catastrophic, as each bureau showed a bankruptcy discharge and then at least one "new" charge-offs afterward, or two in the case of Equifax and Experian.

## Mr. Simeone's Disputes of Accuracy

44.    On July 6, 2025, Mr. Simeone disputed the Capital One and Wells Fargo tradelines to Experian, indicating that both balances were discharged as the result of his Bankruptcy Petition.

45.    Mr. Simeone included the bankruptcy case number in his disputes.

46.    Experian could have thus easily, independently, objectively, and readily verified Mr. Simeone had received a discharge of his unsecured debts, including the balances reported by Wells Fargo and Capital One, as Experian already had the bankruptcy case number and relevant information furnished by LexisNexis in its files from, and/or could have verified the information by searching public records.

47.    Experian made no human-led investigation whatsoever.

48.    Instead, in response to Mr. Simeone's disputes, Experian sent Capital One and Wells Fargo an Automated Consumer Dispute Verification ("ACDV") request through a system known as e-OSCAR and asked Capital One and Wells Fargo to make an investigation, and forwarded the narrative of Mr. Simeone's disputes, verbatim.

49.    Capital One and Wells Fargo both returned their ACDVs to Experian indicating their information had been "verified as accurate" and should remain reporting with a balance owed in Experian's credit file on Mr. Simeone.

50.    Experian relied almost exclusively upon Capital One and Wells Fargo verifications to start – as well as finish – its "investigations."

51.    Capital One and Wells Fargo, for their part, also failed to make reasonable investigations since any reasonable investigation would have

determined that no balance was owed by Mr. Simeone as it had been discharged through bankruptcy.

52.    Both Capital One and Wells Fargo could have easily, independently, objectively, and readily verified Mr. Simeone had received a discharge of his unsecured debts, since (1) they had received notice of his petition as well as discharge, (2) were provided with the bankruptcy case number in the dispute and (3) could have either consulted their own internal files or public records to verify information.

53.    In the case of Wells Fargo, it could have simply looked up the account number in its own systems and saw it was reporting the account as discharged in bankruptcy with respect to the co-debtor.

54.    Around July 7, 2025, Mr. Simeone disputed the Capital One balance to Equifax and TransUnion, and the Wells Fargo balance to Equifax, again indicating that both balances were included in his bankruptcy discharge.

55.    Mr. Simeone disputes included his bankruptcy case number as well.

56.    Equifax and TransUnion, like Experian, could have easily and independently verified Mr. Simone's discharge of debt without consulting their furnishers of data.

57.    Equifax and TransUnion, like Experian, similarly sent Wells Fargo and/or Capital One an ACDV request through e-OSCAR, and asked Capital One

and/or Wells Fargo to make a reasonable investigation into the dispute pursuant to the FCRA.

58.    Equifax and TransUnion, like Experian, relied upon the ACDV results to constitute their "investigations."

59.    Capital One and Wells Fargo responded to each of the ACDV requests, confirming their reported information was correct and required no modification, update, or deletion, and that the CRAs should continue to report the accounts with charged-off, past-due balances actively owed.

60.    Neither Capital One nor Wells Fargo had any basis to believe the balances being reported were still owed since they had received notice of his petition as well as discharge, were provided with the bankruptcy case number in the dispute and could have either consulted their own internal files or public records to verify information.

61.    Nonetheless, both Capital One and Wells Fargo verified their reporting as correct and instructed the CRAs to continue reporting past-due, actively owed balances.

62.    If a furnisher of data to a CRA, like Capital One and Wells Fargo, confirms disputed information as accurate, "the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired

sufficient evidence to support the conclusion that the information was true." *Hinkle v. Midland Credit Management, Inc.*, 827 F.3d 1295 (11th Cir. 2016).

63.    Sufficient evidence to verify their reported information could not have been obtained by Wells Fargo or Capital One since no evidence at all existed supporting balances were owed post-bankruptcy discharge; to the contrary, considerable evidence supporting it was not accurate did exist and was readily available to Wells Fargo and Capital One.

64.    Neither Capital One nor Wells Fargo updated its reporting to reflect the information was disputed by Mr. Simeone; and Capital One went so far as to report the balance with the Metro 2 Compliance Condition Code of "XH," which is shorthand for "account previously in dispute," implying the dispute had been resolved and Mr. Simone acknowledged he owed the balance.

65.    Capital One could not have reasonably determined the information in its report was no longer disputed by Mr. Simone. The "plain language of the 'XH' code implies that any dispute the consumer previously had about the account is settled, or a solution has been found." *Wood v. Credit One Bank*, No. 3:15-cv-594 (E.D. Va., Sept. 21, 2017).

66.    The failure to report a disputed debt as disputed can, in and of itself, constitute a violation of the FCRA. *Saunders v. Branch Banking*, 526 F.3d 142 (4th

Cir. 2008); See also *Bush v. RoundPoint Mortg. Servicing Corp.*, 122 F. Supp. 3d 1347

(M.D. Fla. 2015) (the 11th Circuit has a long history of following Saunders).

67.     Capital One and Wells Fargo's failures were willful and intentional

since they were the result of intentional policies put in place to minimize

investigation costs, even though the accuracy of the investigations would be

impaired.

68.     CRAs such as Experian, Equifax, and TransUnion are required to

conduct their own investigations into a dispute from a consumer. See 15 U.S.C. §

1681i(a)(1)(A).

69.     Despite this, the CRAs made no independent investigation of Mr.

Simeone's disputes and relied exclusively on Capital One and Wells Fargo's

electronic verification of accuracy to begin, as well as end, their "investigation."

70.     Neither Capital One nor Wells Fargo supplied any data to the CRAs

in their dispute responses other than their electronic verification which would

have enabled the CRAs to rely upon these verifications, e.g. an agreement to

reaffirm the debts.

71.     The CRAs viewed the electronic verification of the Capital One

tradeline as *more* persuasive than the fact Mr. Simeone clearly and plainly stated

to the CRAs that he had obtained a discharge of his debts through a bankruptcy

petition, which included accounts like the Capital One and Wells Fargo accounts.

72.    A simple search of public records via PACER or other databases would have quickly revealed to the CRAs that Mr. Simeone had both filed a bankruptcy petition and received a discharge of debt.

73.    Such a search can be conducted in under 15 seconds and does not represent any undue hardship for the CRAs, nor does it create any unreasonable expense.

74.    Upon receipt of the ACDV responses, Experian, Equifax, and TransUnion each utilized an automated system which made rudimentary checks of tradeline data between what Capital One and Wells Fargo had reported, and the data contained in their own files on Mr. Simeone, e.g., his name, address, date of birth, and Social Security number.

75.    Such automated processes will do nothing to correct erroneous account balances or status.

76.    For at least the last 40 years, courts in this district have recognized that a CRA cannot rely solely upon its data furnisher when the consumer disputes the accuracy of the furnisher's version of events. *See Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F. Supp. 972 (M.D.Fla.1985) ("Merely reporting whatever information the creditor furnished was not reasonable, especially where the defendant knew of the impending dispute between the [consumer] and [data furnisher].")

77.     The CRAs should have been especially aware that Wells Fargo's was not a reliable source of information as Wells Fargo was ordered by the Consumer Finance Protection Bureau ("CFPB") in 2022 to pay $3.7 Billion to consumers for a multitude of violations of consumer protection laws, including misapplication of loan payments, illegally repossessed vehicles, incorrectly assessed fees and interest, and other illegal activity affecting over 16 million consumer accounts, including a considerable amount of data which was falsely reported to the CRAs. *In re Wells Fargo Bank, N.A.*, CFPB No. 2022-CFPB-0011.

78.     Thus, at the absolute minimum, and in a light most favorable to the CRAs, they knew, when accepting Wells Fargo's ACDV results as true in connection with Mr. Simeone's disputes, that the data Wells Fargo was providing was to be accepted with caution, at the very least.

79.     The CRA Defendants have been sued for this exact same issue in the past and thus have knowledge of issues concerning the accuracy of ACDV responses.

## Mr. Simeone's Second Dispute to Experian

80.     Around July 30, 2025, Mr. Simeone made additional disputes to Experian concerning the Capital One and Wells Fargo tradelines appearing on his report showing balances he did not owe.

81.    Mr. Simeone included the relevant information concerning his bankruptcy petition and discharge.

82.    As it did the first time, Experian made no human-led review of Mr. Simeone's disputes and simply relied on its automated systems to send ACDVs to Wells Fargo and Capital One.

83.    Capital One responded, in what was now its fourth overall verification of accuracy, that its information was "verified as accurate" and continued to report a balance owed and note the account was "previously in dispute" by Mr. Simone.

84.    Wells Fargo, however, responded to the second ACDV indicating information did need to be updated, and that the status should reflect "discharged through Chapter 7 Bankruptcy." **SEE PLAINTIFF'S EXHIBIT G.**

85.    The fact Wells Fargo was able to conclude its information required updating in what was now the third overall dispute establishes its first two investigations were unreasonable since it had the same data available to it in all instances.

86.    Indeed, when a data furnisher receives multiple disputes with substantially the same information, but subsequent investigations contradict the results of earlier investigations, this information can be used to establish the initial investigations were not reasonable. See *Ponder v. Ocwen Loan Serv., LLC*,

2018 WL 4474635 (N.D. Ga. July 30, 2018) (holding Plaintiff could allege that data furnisher's initial investigation was not reasonable because it reviewed the same materials in both investigations, with second investigation contradicting the first).

87.    The fact Wells Fargo updated its reporting to indicate the balance was discharged through bankruptcy but Capital One did not should have put Experian on further notice that information was being incorrectly reported by Capital One.

88.    Both Experian and Capital One failed to make reasonable investigations with respect to this dispute as well.

89.    As of the date this complaint was filed, Experian, Equifax, and TransUnion continue to misreport the balance and status of Plaintiff's Capital One balance. As such, Plaintiff hereby demands that Experian, Equifax, and TransUnion, upon service of this lawsuit, initiate a new reinvestigation and delete the inaccurate information from his credit report.

### First Source Attempts to Collect on Discharged Capital One Debt

90.    Despite Capital One being aware of Mr. Simeone's bankruptcy discharge as of September 2023, Capital One forwarded three balances—the $3,632.15 account it credit reported concerning a Capital One Walmart Rewards card, as well as a $939.85 balance concerning a Platinum Card, and a $3,923.95

balance concerning a different Platinum Card (jointly, "Discharged Capital One Accounts") to First Source and instructed it to collect these balances from Mr. Simone.

91.    First Source sent multiple collection communications in connection with the collection of the Discharged Capital One Accounts, including letters dated July 15, 2024, December 11, 2024, and January 13, 2025.

92.    First Source is aware that many Capital One cards, including the two "Platinum" cards placed with it for collection, are deep sub-prime accounts opened for consumers who often have FICO scores under 600, i.e. the lowest 15% of the population.

93.    First Source is aware that this field of consumers files bankruptcy at rates much higher than the general public.

94.    First Source is aware that debts discharged in bankruptcy are still often placed for collection with outside agencies.

95.    First Source has the option to use low-cost, easy-to-use "bankruptcy scrub" services from multiple vendors, which compare debtor's names and personally identifying information against databases of consumers who have received a bankruptcy discharge.

96.    Thus, First Source knew, or should have known, that it was collecting debts not owed by Mr. Simone due to his discharge via bankruptcy.

97.    By repeatedly attempting to collect discharged debts from Mr. Simone, First Source was asserting debts which were not legitimate were legitimate and was asserting legal rights which do not exist.

98.    Mr. Simeone has suffered severe emotional distress in being subjected to illegal collection actions by First Source concerning an account that has already been discharged in Bankruptcy as it deprived him of the "fresh start" he was supposed to receive from Bankruptcy and not be subject to collection attempts or assertions of past-due balances.

99.    The above-described collection conduct by First Source in its efforts to collect this alleged Debt from Mr. Simeone were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged Debt, all done in violation of numerous and multiple provisions of the FDCPA.

100.    These violations by First Source were knowing, willful, negligent and/or intentional, and First Source did not maintain procedures reasonably adapted to avoid any such violations.

101.    First Source's collection efforts with respect to this alleged Debt from Mr. Simeone caused him to suffer concrete and particularized harm because the FDCPA provides Mr. Simeone with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

102.   In particular, Mr. Simeone had already rightfully and legally petitioned the Bankruptcy Court to discharge his personal liability for his debts.

103.   First Source's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Mr. Simeone's ability to intelligently respond to First Source's collection efforts, and Mr. Simeone could not adequately respond to First Source's demands for payment of this debt.

104.   Mr. Simeone has suffered economic losses from the cost of sending certified letters to the CRAs in attempts to rectify errors made by the CRAs as well as Capital One and Wells Fargo. These same problems also lead to multiple collection attempts by Capital One to collect discharged amounts from Mr. Simeone.

105.   Mr. Simeone has suffered from embarrassment and emotional distress, which has manifested itself in multiple ways including anger, frustration, and loss of sleep, from having tradelines incorrectly reported which significantly lowered his credit scores, after spending considerable time and effort undergoing Bankruptcy proceedings to put his personal finances back in manageable order.

106.   Mr. Simeone's efforts and expenses incurred in undergoing Bankruptcy proceedings and retaining Bankruptcy counsel have been in vain, as

the CRAs have failed to update their records on Mr. Simeone correctly, resulting in tens of thousands of dollars of discharged debt purporting to be still due and owed by him, when it is not.

107.    Mr. Simeone has now had to spend time to procure counsel in the instant matter to fix the error after several attempts to fix the error on his own.

### Capital One Obtains Credit Report Without Permissible Purpose

108.    On July 14, 2025, Capital One requested a copy of Mr. Simeone's credit report from Experian.

109.    The FCRA, 15 U.S.C. 1681a(d)(1), defines a consumer report as: "**any** written, oral, or other communication of **any** information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living…" (Emphasis added).

110.    Thus, the report Capital One obtained from Experian is a "consumer report" as defined by the FCRA.

111.    Capital One certified to Experian its permissible purpose to obtain the report was for "account review," i.e. to determine if Mr. Simeone continued to meet Capital One's credit requirements for collection of the alleged balance charged to the card.

112.    However, Mr. Simeone had no account with Capital One for it to review, and any debt he may have owed in the past had been discharged through his bankruptcy petition.

113.    Thus, Capital One had no permissible purpose to obtain Mr. Simeone's credit report.

114.    Capital One's request was in connection with the collection of a consumer debt.

115.    Mr. Simeone has hired the undersigned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
## TransUnion Only

116.    Mr. Simeone adopts and incorporates paragraphs 1-115 as if fully stated herein.

117.    TransUnion violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures designed to ensure maximum possible accuracy of the consumer reports sold concerning Mr. Simeone, as TransUnion sold reports about Mr. Simeone which contained information which was false and which TransUnion knew, or should have known, was false.

118.    TransUnion has been sued on numerous occasions concerning virtually identical situations (e.g., the inclusion of accounts reporting balances

discharged through bankruptcy) and TransUnion knows that it frequently sells reports with erroneous information about consumers, especially in relation to accounts showing balances which have been discharged.

119.    TransUnion's conduct was thus willful or done with a reckless disregard for Mr. Simeone's rights under the FCRA.

120.    As a result of its conduct TransUnion is liable to Mr. Simeone pursuant to the FCRA for the greater of Mr. Simeone's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Simeone respectfully requests this Honorable Court enter judgment against TransUnion for:

   a.  The greater or Mr. Simeone's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

   b.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

   c.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and

   d.  Such other relief that this Court deems just and proper.

**COUNT II**
**NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)**
**TransUnion Only**
**(Pled in the Alternative to Count I)**

121.    Mr. Simeone adopts and incorporates paragraphs 1-115 as if fully stated herein.

122.    TransUnion violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures designed to ensure maximum possible accuracy of the consumer reports sold concerning Mr. Simeone, as TransUnion sold reports about Mr. Simeone which contained information which was false and which TransUnion knew, or should have known, was false.

123.    TransUnion owed Mr. Simeone a legal duty to utilize reasonable procedures to ensure the maximum possible accuracy of consumer reports it sold concerning him.

124.    TransUnion breached this duty when it sold consumer reports containing obviously erroneous information about Mr. Simeone.

125.    TransUnion thus acted negligently, and Mr. Simeone is entitled to his actual damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Simeone respectfully requests this Honorable Court enter judgment against TransUnion for:

a.  Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §

       1681o(a)(2); and

    c.  Such other relief that this Court deems just and proper.

### COUNT III
### VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
### Equifax Only

126.  Mr. Simeone adopts and incorporates paragraphs 1-115 as if fully

stated herein.

127.  Equifax violated **15 U.S.C. § 1681e(b)** when it failed to follow

reasonable procedures designed to ensure maximum possible accuracy of the

consumer reports sold concerning Mr. Simeone, as Equifax sold reports about

Mr. Simeone which contained information which was false and which Equifax

knew, or should have known, was false.

128.  Equifax has been sued on numerous occasions concerning virtually

identical situations (e.g., the inclusion of accounts reporting balances discharged

through bankruptcy) and Equifax knows that it frequently sells reports with

erroneous information about consumers, especially in relation to accounts

showing balances which have been discharged.

129.  Equifax's conduct was thus willful or done with a reckless disregard

for Mr. Simeone's rights under the FCRA.

130.  As a result of its conduct Equifax is liable to Mr. Simeone pursuant

to the FCRA for the greater of Mr. Simeone's actual damages or statutory

damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Simeone respectfully requests this Honorable Court enter judgment against Equifax for:

    a.  The greater or Mr. Simeone's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and

    d.  Such other relief that this Court deems just and proper.

**COUNT IV**
**<u>NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)</u>**
**<u>Equifax Only</u>**
**<u>(Pled in the Alternative to Count III)</u>**

131.    Mr. Simeone adopts and incorporates paragraphs 1-115 as if fully stated herein.

132.    Equifax violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports containing erroneous information about his accounts.

133.    Equifax owed Mr. Simeone a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of its consumer reports regarding Mr. Simeone.

134.    Equifax breached this duty when it sold consumer reports containing erroneous information about Mr. Simeone.

135.    Equifax thus acted negligently, and Mr. Simeone is entitled to his actual damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Simeone respectfully requests this Honorable Court enter judgment against Equifax for:

    d.  Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    e.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

    f.  Such other relief that this Court deems just and proper.

**COUNT V**
**VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)**
**Experian Only**

136.  Mr. Simeone adopts and incorporates paragraphs 1-115 as if fully stated herein.

137.    Experian violated **15 U.S.C. § 1681e(b)** when they failed to follow reasonable procedures designed to ensure maximum possible accuracy of the consumer reports sold concerning Mr. Simeone, as Experian sold reports about

Mr. Simeone which contained information which was false and which Experian knew, or should have known, was false.

138.    Experian has been sued on numerous occasions concerning virtually identical situations (e.g., the inclusion of accounts reporting balances discharged through bankruptcy) and Experian knows that it frequently sells reports with erroneous information about consumers, especially in relation to accounts showing balances which have been discharged.

139.    Experian's conduct was thus willful or done with a reckless disregard for Mr. Simeone's rights under the FCRA.

140.    As a result of its conduct Experian is liable to Mr. Simeone pursuant to the FCRA for the greater of Mr. Simeone's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Simeone respectfully requests this Honorable Court enter judgment against Experian for:

>    a.    The greater or Mr. Simeone's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

>    b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §

1681n(a)(3); and

d. Such other relief that this Court deems just and proper.

**COUNT VI**
**NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)**
**Experian Only**
**(Pled in the Alternative to Count I)**

141.    Mr. Simeone adopts and incorporates paragraphs 1-115 as if fully stated herein.

142.    Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports containing erroneous information about his accounts.

143.    Experian owed Mr. Simeone a legal duty to utilize reasonable procedures to ensure the maximum possible accuracy of its consumer reports regarding Mr. Simeone.

144.    Experian breached this duty when it sold consumer reports containing erroneous information about Mr. Simeone.

145.    Experian thus acted negligently, and Mr. Simeone is entitled to his actual damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Simeone respectfully requests this Honorable Court enter judgment against Experian for:

a.    Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §

1681o(a)(2); and

c.      Such other relief that this Court deems just and proper.

## COUNT VII
## WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)
## Capital One Only

146.   Mr. Simeone hereby incorporates paragraphs 1 – 115 as if fully
stated herein.

147.   Capital One violated **15 U.S.C. § 1681s-2(b)** when it failed, on
multiple occasions, to conduct a reasonable investigation after receiving notice of
disputes from Experian, Equifax and/or TransUnion, as any reasonable
investigation would have concluded the balance being reported could not be
verified as accurate and the balance had been discharged through bankruptcy,
and these were facts readily available to Capital One as well as objectively
verifiable.

148.   Capital One's conduct was a result of regular policies and
procedures, which frequently result in the verification of reported information as
accurate, when it is not, and as undisputed, or previously disputed, when still
disputed.

149.   Capital One's conduct was thus willful and intentional, or,
alternately, was done with a reckless disregard for its duties under the FCRA to

make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Simeone.

150.   Accordingly, pursuant to 15 U.S.C. § 1681n, Capital One is liable to Mr. Simeone for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Simeone respectfully requests this Honorable Court to enter judgment against Capital One for:

a.  The greater of statutory damages of **$1,000** per incident or Mr. Simeone's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.  Such other relief that this Court deems just and proper.

## COUNT VIII
## NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)
## Capital One Only
## (Pled in the Alternative to Count VII)

151.   Mr. Simeone hereby incorporates paragraphs 1 – 115 as if fully stated herein.

152.    Capital One violated **15 U.S.C. § 1681s-2(b)** when they failed, on at least two separate occasions, to conduct a reasonable investigation after receiving notice of disputes from Experian, Equifax and/or TransUnion, as any reasonable investigation would have concluded the balance being reported could not be verified as accurate and the balance had been discharged through bankruptcy, and these were facts readily available to Capital One as well as objectively verifiable.

153.    Capital One's conduct was a result of their regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

154.    Capital One owed Mr. Simeone a legal duty to reasonably investigate his disputes.

155.    Capital One breached this duty when it verified its reported information as accurate, and without indicating Mr. Simeone disputed the information.

156.    Capital One's conduct was therefore negligent, and pursuant to 15 U.S.C. § 1681o, Capital One is liable to Mr. Simeone for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Simeone respectfully requests this Honorable Court to enter judgment against Capital One for:

    a.  Mr. Simeone's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.  Such other relief that this Court deems just and proper.

**COUNT IX**
**WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)**
**Equifax Only**

157.  Mr. Simeone hereby incorporates paragraphs 1 – 115 as if fully stated herein.

158.  Equifax violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed, on multiple occasions, to conduct a reasonable investigation after receiving notice of disputes of the Debts from Mr. Simeone as any reasonable investigation would have concluded the balances being reported could not be verified as accurate as the balances had been discharged through bankruptcy, and these were facts readily available to Equifax as well as objectively verifiable. The Wells Fargo account was a "joint" responsibility account, and the "joint" bankruptcy filing and discharge appeared on the Plaintiff's wife's credit report. Plaintiff's bankruptcy discharge was a matter of public record, and Plaintiff provided the relevant case information which Equifax could have easily consulted.

159.   Equifax's conduct was a result of regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

160.   Equifax's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Simeone.

161.   Accordingly, pursuant to 15 U.S.C. § 1681n, Equifax is liable to Mr. Simeone for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Simeone respectfully requests this Honorable Court to enter judgment against Equifax for:

a.   The greater of statutory damages of **$1,000** per incident or Mr. Simeone's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.   Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.   Such other relief that this Court deems just and proper.

**COUNT X**
**NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)**
**Equifax Only**
**(Pled in the Alternative to Count IX)**

162.   Mr. Simeone hereby incorporates paragraphs 1 – 115 as if fully stated herein.

163.   Equifax violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed, on multiple occasions, to conduct a reasonable investigation after receiving notice of disputes of the Debts from Mr. Simeone as any reasonable investigation would have concluded the balances being reported could not be verified as accurate as the balances had been discharged through bankruptcy, and these were facts readily available to Equifax as well as objectively verifiable. The Wells Fargo account was a "joint" responsibility account, and the "joint" bankruptcy filing and discharge appeared on the Plaintiff's wife's credit report. Plaintiff's bankruptcy discharge was a matter of public record, and Plaintiff provided the relevant case information which Equifax could have easily consulted.

164.   Equifax's conduct was a result of their regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

165.    Equifax owed Mr. Simeone a legal duty to reasonably investigate his disputes.

166.    Equifax breached this duty when it verified its reported information as accurate, and without indicating Mr. Simeone disputed the information.

167.    Equifax's conduct was therefore negligent and pursuant to 15 U.S.C. § 1681o, Equifax is liable to Mr. Simeone for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Simeone respectfully requests this Honorable Court to enter judgment against Equifax for:

    a.  Mr. Simeone's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.  Such other relief that this Court deems just and proper.

### COUNT XI
### WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)
### Experian Only

168.    Mr. Simeone hereby incorporates paragraphs 1 – 115 as if fully stated herein.

169.    Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed, on multiple occasions, to conduct a reasonable investigation after receiving notice of disputes of the Debts from Mr. Simeone as any reasonable investigation would

have concluded the balances being reported could not be verified as accurate as the balances had been discharged through bankruptcy, and these were facts readily available to Experian as well as objectively verifiable. The Wells Fargo account was a "joint" responsibility account, and the "joint" bankruptcy filing and discharge appeared on the Plaintiff's wife's credit report. Plaintiff's bankruptcy discharge was a matter of public record, and Plaintiff provided the relevant case information which Experian could have easily consulted.

170.    Experian's conduct was a result of regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

171.    Experian's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Simeone.

172.    Accordingly, pursuant to 15 U.S.C. § 1681n, Experian is liable to Mr. Simeone for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Simeone respectfully requests this Honorable Court to enter judgment against Experian for:

a. The greater of statutory damages of **$1,000** per incident or Mr. Simeone's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT XII
## NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)
## Experian Only
### (Pled in the Alternative to Count XI)

173.    Mr. Simeone hereby incorporates paragraphs 1 – 115 as if fully stated herein.

174.    Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed, on multiple occasions, to conduct a reasonable investigation after receiving notice of disputes of the Debts from Mr. Simeone as any reasonable investigation would have concluded the balances being reported could not be verified as accurate as the balances had been discharged through bankruptcy, and these were facts readily available to Experian as well as objectively verifiable. The Wells Fargo account was a "joint" responsibility account, and the "joint" bankruptcy filing

and discharge appeared on the Plaintiff's wife's credit report. Plaintiff's bankruptcy discharge was a matter of public record, and Plaintiff provided the relevant case information which Experian could have easily consulted.

175.   Experian's conduct was a result of their regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

176.   Experian owed Mr. Simeone a legal duty to reasonably investigate his disputes.

177.   Experian breached this duty when it verified its reported information as accurate, and without indicating Mr. Simeone disputed the information.

178.   Experian's conduct was therefore negligent and pursuant to 15 U.S.C. § 1681o, Experian is liable to Mr. Simeone for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Simeone respectfully requests this Honorable Court to enter judgment against Experian for:

a.  Mr. Simeone's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.  Such other relief that this Court deems just and proper.

## COUNT XIII
## WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)
## TransUnion Only

179.  Mr. Simeone hereby incorporates paragraphs 1 – 115 as if fully stated herein.

180.  TransUnion violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed, on multiple occasions, to conduct a reasonable investigation after receiving notice of disputes of the Debts from Mr. Simeone as any reasonable investigation would have concluded the balances being reported could not be verified as accurate and the balances had been discharged through bankruptcy, and these were facts readily available to TransUnion as well as objectively verifiable. The Wells Fargo account was a "joint" responsibility account, and the "joint" bankruptcy filing and discharge appeared on the Plaintiff's wife's credit report. Plaintiff's bankruptcy discharge was a matter of public record, and Plaintiff provided the relevant case information which TransUnion could have easily consulted.

181.  TransUnion's conduct was a result of regular policies and procedures, which frequently result in the verification of reported information as

accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

182. TransUnion's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Simeone.

183. Accordingly, pursuant to 15 U.S.C. § 1681n, TransUnion is liable to Mr. Simeone for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Simeone respectfully requests this Honorable Court to enter judgment against TransUnion for:

a. The greater of statutory damages of **$1,000** per incident or Mr. Simeone's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

**COUNT XIV**
**NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)**
**TransUnion Only**
**(Pled in the Alternative to Count XIII)**

184.    Mr. Simeone hereby incorporates paragraphs 1 – 115 as if fully stated herein.

185.    TransUnion violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed, on multiple occasions, to conduct a reasonable investigation after receiving notice of disputes of the Debts from Mr. Simeone as any reasonable investigation would have concluded the balances being reported could not be verified as accurate and the balances had been discharged through bankruptcy, and these were facts readily available to Trans Union as well as objectively verifiable. The Wells Fargo account was a "joint" responsibility account, and the "joint" bankruptcy filing and discharge appeared on the Plaintiff's wife's credit report. Plaintiff's bankruptcy discharge was a matter of public record, and Plaintiff provided the relevant case information which TransUnion could have easily consulted.

186.    TransUnion's conduct was a result of their regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

187.    TransUnion owed Mr. Simeone a legal duty to reasonably investigate his disputes.

188.    TransUnion breached this duty when it verified its reported information as accurate, and without indicating Mr. Simeone disputed the information.

189.    TransUnion's conduct was therefore negligent, and pursuant to 15 U.S.C. § 1681o, TransUnion is liable to Mr. Simeone for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Simeone respectfully requests this Honorable Court to enter judgment against TransUnion for:

a.  Mr. Simeone's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.  Such other relief that this Court deems just and proper.

### COUNT XV
### WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)
### Wells Fargo Only

190.    Mr. Simeone hereby incorporates paragraphs 1 – 115 as if fully stated herein.

191.    Wells Fargo violated **15 U.S.C. § 1681s-2(b)** when it failed, on at least two separate occasions, to conduct a reasonable investigation after receiving notice of dispute from Experian, Equifax and/or TransUnion, as any reasonable investigation would have concluded that the balance it was reporting could not be verified as accurate, as it had been discharged in Bankruptcy. Wells Fargo had been made aware of Mr. Simeone's bankruptcy petition by the Court; Mr. Simeone also provided Wells Fargo sufficient information with which it could have quickly and easily confirmed it was reporting erroneous information.

192.    Wells Fargo's conduct was a result of regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not.

193.    Wells Fargo's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Simeone.

194.    Accordingly, pursuant to 15 U.S.C. § 1681n, Wells Fargo is liable to Mr. Simeone for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Simeone respectfully requests this Honorable Court to enter judgment against Wells Fargo for:

a. The greater of statutory damages of **$1,000** per incident or Mr. Simeone's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

### COUNT XVI
### <u>NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)</u>
### <u>Wells Fargo Only</u>
### (Pled in the Alternative to Count XV)

195. Mr. Simeone hereby incorporates paragraphs 1 – 115 as if fully stated herein.

196. Wells Fargo violated **15 U.S.C. § 1681s-2(b)** when it failed, on at least two separate occasions, to conduct a reasonable investigation after receiving notice of dispute from Experian, Equifax and/or TransUnion, as any reasonable investigation would have concluded that the balance it was reporting could not be verified as accurate, as it had been discharged in Bankruptcy. Wells Fargo had been made aware of Mr. Simeone's bankruptcy petition by the Court; Mr.

Simeone also provided Wells Fargo sufficient information with which it could have quickly and easily confirmed it was reporting erroneous information.

197.   Wells Fargo's conduct was a result of their regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

198.   Wells Fargo owed Mr. Simeone a legal duty to reasonably investigate his disputes.

199.   Wells Fargo breached this duty when it verified its reported information as accurate, and without indicating Mr. Simeone disputed the information.

2000.  Wells Fargo's conduct was therefore negligent, and pursuant to 15 U.S.C. § 1681o, Wells Fargo is liable to Mr. Simeone for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Simeone respectfully requests this Honorable Court to enter judgment against Wells Fargo for:

   a.  Mr. Simeone's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

   b.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.  Such other relief that this Court deems just and proper.

## COUNT XVII
## <u>WILFULL VIOLATIONS OF THE FCRA – 15 U.S.C. § 1681b(f)</u>
## <u>Capital One Only</u>

201.    Mr. Simeone adopts and incorporates paragraphs 1 – 115 as if fully restated herein.

202.    Capital One violated **15 U.S.C. § 1681b(f),** either willfully and intentionally or recklessly and without regard for a consumer's rights, when it requested a credit report from Experian regarding Mr. Simeone at a time when it did not have a permissible purpose.

203.    Capital One's conduct renders it liable under the FCRA to Mr. Simeone in a statutory amount up to $1,000 per incident.

**WHEREFORE,** Mr. Simeone respectfully requests that this Court enter judgment against Capital One for:

    a.  The greater of Mr. Simeone's actual damages and statutory damages of **$1,000** per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

    d.  Such other relief that this Court deems just and proper.

## COUNT XVIII
## <u>NEGLIGENT VIOLATIONS OF THE FCRA – 15 U.S.C. § 1681b(f)</u>
## <u>Capital One Only</u>
## (Pled in the Alternative to Count XVII)

204.    Mr. Simeone adopts and incorporates paragraphs 1 – 115 as if fully restated herein and pleads this count strictly in the alternative to Count XVII.

205.    Capital One violated **15 U.S.C. § 1681b(f),** negligently and without regard for a consumer's rights, when it requested a credit report from Experian regarding Mr. Simeone at a time when it did not have a permissible purpose.

206.    Capital One owed Mr. Simeone a legal duty not to request his credit report unless it had a permissible purpose to do so, which it did not have.

207.     Capital One breached this duty when it obtained Mr. Simeone's Experian credit report when it had no legal right to do so.

208.    Capital One thus acted negligently, and Mr. Simeone is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE,** Mr. Simeone respectfully requests that this Court enter judgment against Capital One for:

a.  Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

c.  Such other relief that this Court deems just and proper.

## COUNT XIX
## VIOLATIONS OF THE FCCPA, § 559.72(9), FLA. STAT.
## First Source Only

209.   Mr. Simeone adopts and incorporates paragraphs 1 – 115 as if fully stated herein.

210.   First Source violated **Section 559.72(9)**, Florida Statutes, when First Source asserted debts were legitimate when it knew or should have known they were not, when it continued to attempt to collect the Discharged Capital One Accounts.

211.   First Source is liable for the above-stated violations of the FCCPA, and Mr. Simeone is thereby entitled to actual damages, statutory damages not to exceed $1,000, plus costs and attorneys' fees.

**WHEREFORE,** Mr. Simeone respectfully requests that this Honorable Court enter judgment against First Source for:

a.  Statutory damages of **$1,000** pursuant to Section 559.77(2), Florida Statutes;

b.  Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to Section 559.77(2), Florida Statutes;

c.   Injunctive relief prohibiting First Source from further violations of the FCCPA against Mr. Simeone;

d.   Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and

e.   Such other relief that this Court deems just and proper.

## COUNT XX
## VIOLATIONS OF THE FCCPA, § 559.72(9), FLA. STAT.
## Capital One Only

212.   Mr. Simeone adopts and incorporates paragraphs 1 – 115 as if fully stated herein.

213.   Capital One violated Section 559.72(9), Florida Statutes, when it asserted debts were legitimate when it knew they were not, by instructing its agent, First Source, to collect the Discharged Capital One Accounts from Mr. Simeone, when Capital One was fully aware the Discharged Capital One Accounts were discharged in bankruptcy, and therefore no longer owed. Even after receiving disputes from Plaintiff, it did not instruct First Source to discontinue collection.

214.   Capital One is liable for the above-stated violations of the FCCPA, and Mr. Simeone is thereby entitled to actual damages, statutory damages not to exceed $1,000, plus costs and attorneys' fees.

**WHEREFORE,** Mr. Simeone respectfully requests that this Honorable Court enter judgment against Capital One for:

a. Statutory damages of **$1,000** pursuant to Section 559.77(2), Florida Statutes;

b. Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to Section 559.77(2), Florida Statutes;

c. Injunctive relief prohibiting Capital One and First Source from trying to collect the Debt not owed by Mr. Simeone;

d. Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and

e. Such other relief that this Court deems just and proper.

**COUNT XXI**
**VIOLATIONS OF THE FDCPA**
**First Source Only**

215. Mr. Simeone adopts and incorporates paragraphs 1 – 115 as if fully stated herein.

216. First Source violated **15 U.S.C. § 1692e and 1692e(10)** when First Source used false, deceptive, and misleading representations in connection with the collection of a debt by mailing debt collection communications to Mr. Simeone that the Discharged Capital One Accounts were owed when First

Source knew, or should have known, the debts consisted of charges Mr. Simeone was no longer liable for.

217.    First Source violated **15 U.S.C. § 1692e(2)(a)** by making false representations about the character, amount, or legal status of a debt by mailing demands for payment to Mr. Simeone concerning the Discharged Capital One Accounts, when First Source knew, or should have known, the debts consisted of charges Mr. Simeone was no longer liable for and for which Mr. Simeone had received a bankruptcy discharge.

218.    First Source violated **15 U.S.C. § 1692e(8)** by communicating credit information which they knew, or should have known, to be false when First Source incorporated information reported to at least two nationwide CRAs a $3,632 debt was owed when First Source knew, or should have known, the debt consisted of charges Mr. Simeone was no longer liable for, which Mr. Simeone had received a bankruptcy discharge for, as well as disputed with the CRAs, who in turn requested an ACDV from Capital One in connection with said Debt.

**WHEREFORE,** Mr. Simeone respectfully requests that this Honorable Court enter judgment against First Source for:

    a. Statutory damages of **$1,000**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper

## JURY TRIAL DEMANDED

Mr. Simeone hereby demands a trial by jury on all issues so triable.

Respectfully submitted on September 15, 2025, by:

**SERAPH LEGAL, P.A.**

_/s/ James Hubbard_
James Hubbard, Esq.
Florida Bar Number: 121405
JHubbard@seraphlegal.com
2124 W Kennedy Blvd, Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
_Counsel for Plaintiff_

**ATTACHED EXHIBIT LIST:**

A. Voluntary Petition for Chapter 7 Bankruptcy (Joint) filed in the U.S. Bankruptcy Court for the Middle District of Florida, May 26, 2023 – Excerpt

B. U.S. Bankruptcy Court for the Middle District of Florida, Notice of Chapter 7 Bankruptcy (Joint), filed May 31, 2023

C. U.S. Bankruptcy Court for the Middle District of Florida, Order of Discharge, filed September 6, 2023

D. Mr. Simeone's Innovis Consumer Disclosure dated August 11, 2025, Wells Fargo Tradeline – Excerpt

E. Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts

F. Mr. Simeone's Trans Union Consumer Disclosure dated May 23, 2025, Wells Fargo Tradeline – Excerpt

G. Mr. Simeone's Experian Consumer Disclosure dated August 22, 2025 – Excerpt

## PLAINTIFF'S EXHIBIT A
### Voluntary Petition for Chapter 7 Bankruptcy (Joint) filed in the U.S. Bankruptcy Court for the Middle District of Florida, May 26, 2023 – Excerpt

Case 8:23-bk-02176    Doc 1    Filed 05/26/23    Page 1 of 51

---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF FLORIDA

Case number *(if known)* _____

Chapter you are filing under:

■ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

---

Official Form 101

## Voluntary Petition for Individuals Filing for Bankruptcy                    12/22

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

---

**Part 1:    Identify Yourself**

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1.  Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Joseph<br>First name<br><br>Russell<br>Middle name<br><br>Simeone<br>Last name and Suffix (Sr., Jr., II, III) | Rosemary<br>First name<br><br>Denise<br>Middle name<br><br>Simeone<br>Last name and Suffix (Sr., Jr., II, III) |

## PLAINTIFF'S EXHIBIT A
## Voluntary Petition for Chapter 7 Bankruptcy (Joint) filed in the U.S. Bankruptcy Court for the Middle District of Florida, May 26, 2023 – Excerpt

Case 8:23-bk-02176　　Doc 1　　Filed 05/26/23　　Page 3 of 51

Debtor 1　**Joseph Russell Simeone**
Debtor 2　**Rosemary Denise Simeone** _____

Case number *(if known)* _____

| Part 2: | Tell the Court About Your Bankruptcy Case |

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one. (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)). Also, go to the top of page 1 and check the appropriate box.*

■ Chapter 7

☐ Chapter 11

☐ Chapter 12

☐ Chapter 13

## PLAINTIFF'S EXHIBIT A
### Voluntary Petition for Chapter 7 Bankruptcy (Joint) filed in the U.S. Bankruptcy Court for the Middle District of Florida, May 26, 2023 – Excerpt

Case 8:23-bk-02176   Doc 1   Filed 05/26/23   Page 50 of 51

Joseph  Russell  Simeone
Lakeland, FL 33809-0801

Rosemary  Denise  Simeone
Lakeland, FL 33809-0801

Charles  T.  Stohlman
The Stohlman Law Firm, LLC
120 E. Pine Street
Suite #7
Lakeland, FL 33801

Bank  of  America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634

BBVA
Attn: Bankruptcy
5 South 20th St
Birmingham, AL 35233

Capital  One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

Chase  Card  Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Citibank
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
St Louis, MO 63179

Comenity  Bank
tyrdvisa
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218

Macys/fdsb
Attn: Bankruptcy
9111 Duke Boulevard
Mason, OH 45040

MIDFLORIDA  Credit  Union
Attn: Bankruptcy
Po Box 8008
Lakeland, FL 33802

Syncb/Care  Credit
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896

Syncb/walmart  Dc

Synchrony  Bank
Attn:  Bankruptcy Dept
Po Box 965060
Orlando, FL 32896

Synchrony  Bank
Attn: Bnakruptcy
Po Box 965060
Orlando, FL 32596

Synchrony  Bank/Chevron
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896

Synchrony/Ashley  Furniture  Homestore
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896

Wells  Fargo  Bank  NA
1 Home Campus Mac X2303-01a
3rd Floor
Des Moines, IA 50328

## PLAINTIFF'S EXHIBIT B
## U.S. Bankruptcy Court for the Middle District of Florida, Notice of Chapter 7 Bankruptcy (Joint), filed May 31, 2023

Case 8:23-bk-02176-RCT    Doc 4    Filed 05/31/23    Page 1 of 2

| Information to identify the case: | | |
|---|---|---|
| Debtor 1: | **Joseph Russell Simeone** | Social Security number or ITIN:  xxx-xx-5170 |
| | First Name  Middle Name  Last Name | EIN:  __-_____ |
| Debtor 2: | **Rosemary Denise Simeone** | Social Security number or ITIN:  xxx-xx-4486 |
| (Spouse, if filing) | First Name  Middle Name  Last Name | EIN:  __-_____ |
| United States Bankruptcy Court:  Middle District of Florida | | Date case filed for chapter:  7  5/26/23 |
| Case number:  8:23-bk-02176-RCT | | |

### Official Form 309A (For Individuals or Joint Debtors)
### Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline    10/20

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at   https://pacer.uscourts.gov).

The staff of the bankruptcy clerk's office cannot give legal advice.

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Joseph Russell Simeone | Rosemary Denise Simeone |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | ▓▓▓▓▓▓ Lakeland, FL 33809-0801 | ▓▓▓▓▓▓ Lakeland, FL 33809-0801 |
| 4. | **Debtor's attorney** Name and address | Charles T Stohlman The Stohlman Law Firm, LLC 120 E Pine Street, Suite 7 Lakeland, FL 33801 | Contact phone 863-603-0856 Email:  charless@cstohlmanlaw.com |
| 5. | **Bankruptcy Trustee** Name and address | Angela Welch 12191 W. Linebaugh Ave. #401 Tampa, FL 33626 | Contact phone 813-814-0836 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

For more information, see page 2 >

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline**    page 1

**PLAINTIFF'S EXHIBIT B**

# U.S. Bankruptcy Court for the Middle District of Florida, Notice of Chapter 7 Bankruptcy (Joint), filed May 31, 2023

Debtor **Joseph Russell Simeone** and **Rosemary Denise Simeone**          Case number **8:23-bk-02176-RCT**

| | | | |
|---|---|---|---|
| 6. | **Bankruptcy Clerk's Office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | Sam M. Gibbons United States Courthouse<br>801 North Florida Avenue, Suite 555<br>Tampa, FL 33602 | Hours open:<br>Monday – Friday 8:30 AM – 4:00PM<br><br>Contact phone 813-301-5162<br><br>Date: May 31, 2023 |
| 7. | **Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. You are reminded that Local Rule 5073-1 restricts the entry of personal electronic devices into the Courthouse. | June 27, 2023 at 10:10 AM<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Meeting will be held telephonically**<br><br>Trustee: Angela Welch<br>Call in number: 877-810-8611<br>Passcode: 8464102 |
| | *** Debtor must provide a Photo ID and acceptable proof of Social Security Number to the Trustee in the manner directed by the Trustee. *** | | |
| 8. | **Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| 9. | **Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br><br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: August 28, 2023** |
| | | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the conclusion of the meeting of creditors |
| 10. | **Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| 11. | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 12. | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |
| 13. | **Voice Case Info. System (McVCIS)** | McVCIS provides basic case information concerning deadlines such as case opening, discharge, and closing dates, and whether a case has assets or not. McVCIS is accessible 24 hours a day except during routine maintenance. To access McVCIS toll free call 1-866-222-8029. | |

## PLAINTIFF'S EXHIBIT C
## U.S. Bankruptcy Court for the Middle District of Florida, Order of Discharge, filed September 6, 2023

Case 8:23-bk-02176-RCT    Doc 9    Filed 09/06/23    Page 1 of 2

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Joseph Russell Simeone** | Social Security number or ITIN | xxx–xx–5170 |
| | First Name  Middle Name  Last Name | EIN  _ _ – _ _ _ _ _ _ _ | |
| Debtor 2 | **Rosemary Denise Simeone** | Social Security number or ITIN | xxx–xx–4486 |
| (Spouse, if filing) | First Name  Middle Name  Last Name | EIN  _ _ – _ _ _ _ _ _ _ | |
| United States Bankruptcy Court  Middle District of Florida | | | |
| Case number:  8:23–bk–02176–RCT | | | |

### Order of Discharge                                                                                     12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Joseph Russell Simeone                          Rosemary Denise Simeone

Dated: September 6, 2023

Roberta A. Colton
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                          Order of Discharge                          page 1

**PLAINTIFF'S EXHIBIT C**
**U.S. Bankruptcy Court for the Middle District of Florida, Order of Discharge,**
**filed September 6, 2023**

Case 8:23-bk-02176-RCT    Doc 9    Filed 09/06/23    Page 2 of 2

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318                    **Order of Discharge**                    page 2

**PLAINTIFF'S EXHIBIT D**
**Mr. Simeone's Innovis Consumer Disclosure dated August 11, 2025, Wells Fargo Tradeline – Excerpt**

## Credit Report

### Overview

**Information as of:** August 11, 2025

**Personal Statements:**

**Opt-Out** *(added 01/23/2012)*

You are viewing your Innovis credit report. If you would like to log in or create an account, **click here**.

### Your Accounts

**Show All**

**PLAINTIFF'S EXHIBIT D**
**Mr. Simeone's Innovis Consumer Disclosure dated August 11, 2025, Wells Fargo Tradeline – Excerpt**

### Wells Fargo Card Serv
*Account information as of 09/06/2023*

**Account#:** ▓▓▓▓

**Negative Account**

| | |
|---|---|
| Account Type: | Joint Credit Card |
| Credit Limit: | $9,300 |
| Date Opened: | 09/04/2011 |

### Wells Fargo Card Serv
*Account information as of 09/06/2023*

**Account#:** ▓▓▓▓

**Negative Account**

We estimate this account will be removed from your report in 01/2030

| | |
|---|---|
| Account Type: | Joint Credit Card |
| Date Opened: | 09/04/2011 |
| Date Closed: | 05/26/2023 |
| Last Reported: | 08/01/2025 |
| Credit Limit: | $9,300 |

# PLAINTIFF'S EXHIBIT D
# Mr. Simeone's Innovis Consumer Disclosure dated August 11, 2025, Wells Fargo Tradeline – Excerpt

| Last Payment: | 03/14/2023 |
|---|---|
| High Balance: | $10,802 |

## Narratives:

Closed-credit grantors request

Disch thru Bankruptcy Ch 7

## Creditor Contact Info:

**Wells Fargo Card Serv**
Po Box 393
Minneapolis, MN 55480
(855) 854-3502

## Personal Info:

**Joseph R Simeone**
**Address:** 
Lakeland, FL 33809 - 0801
**DOB:**
**Phone:**
**SSN:**

**Dispute History:** None

**Payment History:**



| 01/22 | 02/22 | 03/22 | 04/22 | 05/22 | 06/22 | 07/22 | 08/22 | 09/22 | 10/22 | 11/22 | 12/22 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| 01/23 | 02/23 | 03/23 | 04/23 | 05/23 | 06/23 | 07/23 | 08/23 | 09/23 | 10/23 | 11/23 | 12/23 |
|---|---|---|---|---|---|---|---|---|---|---|---|

*Do you see any inaccuracies?*

**Start a Dispute**

**PLAINTIFF'S EXHIBIT E**
**Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts**



## CREDIT REPORT

---

**JOSEPH SIMEONE**

**Report Confirmation**

██████

**PLAINTIFF'S EXHIBIT E**

**Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts**



Dear JOSEPH SIMEONE:

Thank you for requesting your Equifax credit report. Your credit report contains information received primarily from companies which have granted you credit. Great care has been taken to report this information correctly. Please help us in achieving even greater accuracy by reviewing all of the enclosed material carefully.

If there are items you believe to be incorrect, you may

- Initiate an investigation request via the Internet 24 hours a day, 7 days a week at:
  **https://www.equifax.com/personal/credit-report-services/credit-dispute/**

- Please mail the dispute information to:
  **Equifax Information Services LLC**
  **P.O. Box 740241**
  **Atlanta, GA 30374**

- Call us at **866-349-5186**

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

You have the right to request and obtain a copy of your credit score. To obtain a copy of your credit score, please call our automated ordering system at: **1-877-SCORE-11.**

# PLAINTIFF'S EXHIBIT E

# Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts

## 2. Revolving Accounts

Revolving accounts are those that generally include a credit limit and require a minimum monthly payment, such as credit cards.

### 2.1 CAPITAL ONE BANK USA NA (CLOSED)

**Summary**

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| Account Number | xxx xxx xxx xx ▮ | Reported Balance | $3,632 |
|---|---|---|---|
| Account Status | CHARGE_OFF | Available Credit | $968 |

**Account History**

The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax.

**Balance**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | $3,080 | $3,191 | $3,306 | $3,386 | $3,465 | $3,549 | $3,632 |
| 2024 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 |
| 2025 | $3,632 | $3,632 | $3,632 | $3,632 | | | | | | | | |

**Scheduled Payment**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | $129 | $142 | $148 | $113 | $113 | $119 | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

**Actual Payment**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

**Credit Limit**



# PLAINTIFF'S EXHIBIT E
# Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2023 |     |     |     |     |     | $4,600 | $4,600 | $4,600 | $4,600 | $4,600 | $4,600 | $4,600 |
| 2024 | $4,600 | $4,600 | $4,600 | $4,600 | $4,600 | $4,600 | $4,600 | $4,600 | $4,600 | $4,600 | $4,600 | $4,600 |
| 2025 | $4,600 | $4,600 | $4,600 | $4,600 |     |     |     |     |     |     |     |     |

### Amount Past Due

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2023 |     |     |     |     |     |     | $98 | $227 | $369 | $517 | $630 | $3,632 |
| 2024 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 |
| 2025 | $3,632 | $3,632 | $3,632 | $3,632 |     |     |     |     |     |     |     |     |

## Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2025 | CO | CO | CO | CO |  |  |  |  |  |  |  |  |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | ✔ | ✔ | ✔ | ✔ | ✔ | 30 | 60 | 90 | 120 | 150 |  | CO |
| 2022 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2021 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2020 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2019 |  |  |  |  |  |  |  |  |  | ✔ | ✔ | ✔ |
| 2018 |  |  |  |  |  |  |  |  |  |  |  |  |

| | | |
|---|---|---|
| ✔ Paid on Time | 30 30 Days Past Due | 60 60 Days Past Due | 90 90 Days Past Due | 120 120 Days Past Due |
| 150 150 Days Past Due | 180 180 Days Past Due | V Voluntary Surrender | F Foreclosure | C Collection Account |
| CO Charge-Off | B Included in Bankruptcy | R Repossession | TN Too New to Rate | No Data Available |

## Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| High Credit | | Payment Responsibility | INDIVIDUAL |
|-------------|---|------------------------|-----------|
| Credit Limit | $4,600 | Account Type | REVOLVING |



**PLAINTIFF'S EXHIBIT E**

**Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts**

| | | | |
|---|---|---|---|
| Terms Frequency | MONTHLY | Term Duration | |
| Balance | $3,632 | Date Opened | Apr 06, 2015 |
| Amount Past Due | $3,632 | Date Reported | May 13, 2025 |
| Actual Payment Amount | | Date of Last Payment | Apr 2023 |
| Date of Last Activity | | Scheduled Payment Amount | |
| Months Reviewed | 67 | Delinquency First Reported | Dec 2023 |
| Activity Designator | CLOSED | Creditor Classification | UNKNOWN |
| Deferred Payment Start Date | | Charge Off Amount | $3,632 |
| Balloon Payment Date | | Balloon Payment Amount | |
| Loan Type | Credit Card | Date Closed | |
| Date of First Delinquency | Jun 12, 2023 | | |

**Comments**

Charged off account

Account closed by credit grantor

Credit card

**Contact**

CAPITAL ONE BANK USA NA
PO BOX 31293
Salt Lake City, UT 84131-1293
(800) 955-7070

# PLAINTIFF'S EXHIBIT E
# Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts

## 2.4 WELLS FARGO CARD SERVICES (CLOSED)

### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| Account Number | xxx xxx xxx xx ▇ | Reported Balance | |
|---|---|---|---|
| Account Status | UNAVAILABLE | Available Credit | |

### Account History

The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax.

**Balance**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | $9,272 | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

**Scheduled Payment**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

**Actual Payment**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

**Credit Limit**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | $9,300 | | | | | | | |
| 2024 | | | | | | | | | | | | |



**EQUIFAX**    JOSEPH SIMEONE | May 23, 2025    Page 13 of 47

Summary 〉 Revolving 〉 Mortgage 〉 Installment 〉 Other 〉 Statements 〉 Personal Info 〉 Inquiries 〉 Public Records 〉 Collections

## PLAINTIFF'S EXHIBIT E
## Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts

2025

**Amount Past Due**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2023 |     |     |     |     | $9,272 |     |     |     |     |     |     |     |
| 2024 |     |     |     |     |     |     |     |     |     |     |     |     |
| 2025 |     |     |     |     |     |     |     |     |     |     |     |     |

## Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2024 |     |     |     |     |     |     |     |     |     |     |     |     |
| 2023 | ✓ | ✓ | ✓ | ✓ | CO |     |     |     |     |     |     |     |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 |     |     |     | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 |     |     |     |     |     |     |     |     |     |     |     |     |
| 2017 |     |     |     |     |     |     |     |     |     |     |     |     |

| | | | | |
|---|---|---|---|---|
| ✓ Paid on Time | **30** 30 Days Past Due | **60** 60 Days Past Due | **90** 90 Days Past Due | **120** 120 Days Past Due |
| **150** 150 Days Past Due | **180** 180 Days Past Due | **V** Voluntary Surrender | **F** Foreclosure | **C** Collection Account |
| **CO** Charge-Off | **B** Included in Bankruptcy | **R** Repossession | **TN** Too New to Rate | No Data Available |

## Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | | | |
|---|---|---|---|
| High Credit | | Payment Responsibility | JOINT_CONTRACTUAL_LIABILITY |
| Credit Limit | | Account Type | REVOLVING |
| Terms Frequency | MONTHLY | Term Duration | |
| Balance | | Date Opened | Sep 04, 2011 |
| Amount Past Due | | Date Reported | Aug 26, 2024 |

**EQUIFAX**    JOSEPH SIMEONE | May 23, 2025    Page 14 of 47

Summary › Revolving › Mortgage › Installment › Other › Statements › Personal Info › Inquiries › Public Records › Collections

## PLAINTIFF'S EXHIBIT E
## Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts

| | | | |
|---|---|---|---|
| Actual Payment Amount | | Date of Last Payment | Mar 2023 |
| Date of Last Activity | | Scheduled Payment Amount | |
| Months Reviewed | 99 | Delinquency First Reported | |
| Activity Designator | CLOSED | Creditor Classification | UNKNOWN |
| Deferred Payment Start Date | | Charge Off Amount | |
| Balloon Payment Date | | Balloon Payment Amount | |
| Loan Type | Credit Card | Date Closed | |
| Date of First Delinquency | | | |

**Comments**

Account closed by credit grantor

Credit card

**Contact**

WELLS FARGO CARD SERVICES
PO Box 393
MINNEAPOLIS, MN 55480-0393
(800) 642-4720

EQUIFAX     JOSEPH SIMEONE | May 23, 2025     Page 15 of 47

Summary | Revolving | Mortgage | Installment | Other | Statements | Personal Info | Inquiries | Public Records | Collections

**PLAINTIFF'S EXHIBIT E**
**Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts**

Prepared For

JOSEPH SIMEONE

**Personal & Confidential**

Date Generated   May 23, 2025

Report Number   ███████

## At a Glance

| 11 Accounts | 0 Public Records | 0 Hard Inquiries |

## Personal Information

| 4 Names | 13 Addresses | 2 Employers | 5 Other Records |

Because your personal information is reported by you, your creditors, and other sources, it's typical to see small variations in reported personal information, like names and addresses. For security reasons, many of these items can't be disputed online, but don't worry—they don't affect your credit score.

### Names

| JOSEPH R SIMEONE | JOSEPH RUSSELL SIMEONE | J R SIMEONE | J SIMEONE |
|---|---|---|---|
| Name ID ███ | Name ID ███ | Name ID ███ | Name ID ███ |

**PLAINTIFF'S EXHIBIT E**
**Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts**

## Accounts

Includes credit cards, real estate loans and installment loans. This information is reported to the credit bureaus from your creditors.

### CAPITAL ONE
**POTENTIALLY NEGATIVE**

#### Account Info

| | |
|---|---|
| Account Name | CAPITAL ONE |
| Account Number | ████████ |
| Account Type | Credit card |
| Responsibility | Individual |
| Date Opened | 04/06/2015 |
| Status | Account charged off. $3,632 written off. $3,632 past due as of Apr 2025. |
| Status Updated | Dec 2023 |
| Balance | $3,632 |
| Balance Updated | 04/21/2025 |
| Recent Payment | - |
| Monthly Payment | - |
| Credit Limit | $4,600 |
| Highest Balance | $4,505 |
| Terms | - |
| On Record Until | Feb 2030 |

**PLAINTIFF'S EXHIBIT E**
**Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts**

$\boxed{S}$ **Payment History**

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | CO | CO | CO | CO | — | — | — | — | — | — | — | — |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 120 | 150 | ND | CO |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | — | — | — | — | — | — | — | — | — | ✓ | ✓ | ✓ |

| | | | |
|---|---|---|---|
| ✓ | Current / Terms met | 30 | Past due 30 days |
| 60 | Past due 60 days | 90 | Past due 90 days |
| 120 | Past due 120 days | 150 | Past due 150 days |
| CO | Charge off | ND | No data for this period |

**Payment history guide**

Charge Off as of Apr 2025 to Dec 2023

150 days past due as of Oct 2023

120 days past due as of Sep 2023

90 days past due as of Aug 2023

60 days past due as of Jul 2023

30 days past due as of Jun 2023

**PLAINTIFF'S EXHIBIT E**
**Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts**

This account is scheduled to continue on record until Feb 2030.

**Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Mar 2025 | $3,632 | $0 | $0 on 4/12/2023 |
| Feb 2025 | $3,632 | $0 | $0 on 4/12/2023 |
| Jan 2025 | $3,632 | $0 | $0 on 4/12/2023 |
| Dec 2024 | $3,632 | $0 | $0 on 4/12/2023 |
| Nov 2024 | $3,632 | $0 | $0 on 4/12/2023 |
| Oct 2024 | $3,632 | $0 | $0 on 4/12/2023 |
| Sep 2024 | $3,632 | $0 | $0 on 4/12/2023 |
| Aug 2024 | $3,632 | $0 | $0 on 4/12/2023 |
| Jul 2024 | $3,632 | $0 | $0 on 4/12/2023 |
| Jun 2024 | $3,632 | $0 | $0 on 4/12/2023 |
| May 2024 | $3,632 | $0 | $0 on 4/12/2023 |
| Apr 2024 | $3,632 | $0 | $0 on 4/12/2023 |
| Mar 2024 | $3,632 | $0 | $0 on 4/12/2023 |
| Feb 2024 | $3,632 | $0 | $0 on 4/12/2023 |
| Jan 2024 | $3,632 | $0 | $0 on 4/12/2023 |
| Dec 2023 | $3,632 | $0 | $0 on 4/12/2023 |
| Oct 2023 | $3,549 | $119 | $0 on 4/12/2023 |
| Sep 2023 | $3,465 | $113 | $0 on 4/12/2023 |
| Aug 2023 | $3,386 | $113 | $0 on 4/12/2023 |
| Jul 2023 | $3,306 | $148 | $0 on 4/12/2023 |
| Jun 2023 | $3,191 | $142 | $0 on 4/12/2023 |
| May 2023 | $3,080 | $129 | $0 on 4/12/2023 |

**PLAINTIFF'S EXHIBIT E**

**Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts**

**PLAINTIFF'S EXHIBIT E**
**Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts**

**Additional info**

Between May 2023 and Mar 2025, your credit limit/high balance was $4,600

**Contact Info**

Address
PO BOX 31293,
SALT LAKE CITY UT 84131

Phone Number
(800) 955-7070

**Comment**

**Current:**

Account closed at credit grantor's request.

**Previous:**

Account closed at credit grantor's request.

Dec 2023 to Mar 2025

**WFBNA CARD**

**POTENTIALLY NEGATIVE**

**PLAINTIFF'S EXHIBIT E**

**Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts**



### Account Info

| | |
|---|---|
| Account Name | WFBNA CARD |
| Account Number | ███████████ |
| Account Type | Credit card |
| Responsibility | Joint with ROSEMARY SIMEONE |
| Date Opened | 09/04/2011 |
| Status | Account charged off/Never late. $9,272 written off. $9,272 past due as of Aug 2024. |
| Status Updated | May 2023 |
| Balance | $9,272 |
| Balance Updated | 08/26/2024 |
| Recent Payment | - |
| Monthly Payment | - |
| Credit Limit | $9,300 |
| Highest Balance | $10,802 |
| Terms | - |
| On Record Until | Apr 2030 |

### Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | — | — | — | — |
| 2023 | ✓ | ✓ | ✓ | ✓ | CO | CO | CO | CO | CO | CO | CO | CO |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2017 | — | — | — | — | — | — | — | — | ✓ | ✓ | ✓ | ✓ |

✓  Current / Terms met     CO  Charge off

**Payment history guide**

Charge Off as of Aug 2024 to May 2023

This account is scheduled to continue on record until Apr 2030.

## PLAINTIFF'S EXHIBIT E
## Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts

✓  Current / Terms met    CO  Charge off

**Payment history guide**

Charge Off as of Aug 2024 to May 2023

This account is scheduled to continue on record until Apr 2030.

---

**Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Jul 2024 | $9,272 | $0 | $0 on 3/14/2023 |
| Jun 2024 | $9,272 | $0 | $0 on 3/14/2023 |
| May 2024 | $9,272 | $0 | $0 on 3/14/2023 |
| Apr 2024 | $9,272 | $0 | $0 on 3/14/2023 |
| Mar 2024 | $9,272 | $0 | $0 on 3/14/2023 |
| Feb 2024 | $9,272 | $0 | $0 on 3/14/2023 |
| Jan 2024 | $9,272 | $0 | $0 on 3/14/2023 |
| Dec 2023 | $9,272 | $0 | $0 on 3/14/2023 |
| Nov 2023 | $9,272 | $0 | $0 on 3/14/2023 |
| Oct 2023 | $9,272 | $0 | $0 on 3/14/2023 |
| Sep 2023 | $9,272 | $0 | $0 on 3/14/2023 |
| Aug 2023 | $9,272 | $0 | $0 on 3/14/2023 |
| Jul 2023 | $9,272 | $0 | $0 on 3/14/2023 |
| Jun 2023 | $9,272 | $0 | $0 on 3/14/2023 |
| May 2023 | $9,272 | $0 | $0 on 3/14/2023 |

### PLAINTIFF'S EXHIBIT E
### Mr. Simeone's Equifax and Experian Consumer Disclosures dated May 23, 2025, Capital One and Wells Fargo Tradelines – Excerpts

**Contact Info**

| | |
|---|---|
| Address | PO BOX 393,<br>MINNEAPOLIS MN 55480 |
| Phone Number | (855) 854-3502 |

**Comment**

**Current:**

Account closed at credit grantor's request.

**Previous:**

None

# PLAINTIFF'S EXHIBIT F
# Mr. Simeone's Trans Union Consumer Disclosure dated May 23, 2025, Wells Fargo Tradeline – Excerpt

Personal Credit Report for:
**JOSEPH SIMEONE**

File Number:
█████████

Date Created:
**05/23/2025**

---

Visit transunion.com/dispute to start a dispute online.

If you are experiencing a financial hardship related to a public health emergency or your personal circumstances, you can add a consumer statement to your credit file to explain your situation by visiting us at www.transunion.com/credit-help ⬈

## 🙎 Personal Information

You have been on our files since 10/01/1972. Your SSN has been masked for your protection.

**Credit Report Date**

05/23/2025

**Social Security Number**

██████████

**Date of Birth**

████████

**Name**

JOSEPH RUSSELL SIMEONE

## Also Known As

**AKA**

J RUSSELL SIMEONE

## Addresses

**Current Address**

█████████████ LAKELAND, FL 33809-0801

**Date Reported**

05/26/2021

CAPITAL ONE ████████████

## Account Information

## PLAINTIFF'S EXHIBIT F
## Mr. Simeone's Trans Union Consumer Disclosure dated May 23, 2025, Wells Fargo Tradeline – Excerpt

| | |
|---|---|
| **Address** | P O Box 31293 Salt Lake City, UT 84131 |
| **Phone** | (800) 955-7070 |
| **Date Opened** | 04/06/2015 |
| **Responsibility** | Individual Account |
| **Account Type** | Revolving Account |
| **Loan Type** | CREDIT CARD |
| **Balance** | $3,632 |
| **Date Updated** | 05/13/2025 |
| **Last Payment Made** | 04/12/2023 |
| **Pay Status** | >Charge-off< |
| **Terms** | Paid Monthly |
| **Date Closed** | 11/20/2023 |
| **High Balance (Hist.)** | High balance of $4,505 from 11/2022 to 10/2023; $4,505 from 12/2023 to 05/2025 |
| **Credit Limit (Hist.)** | Credit limit of $4,600 from 11/2022 to 10/2023; $4,600 from 12/2023 to 05/2025 |
| **Estimated month and year this item will be removed** | 05/2030 |

**Payment History**

# PLAINTIFF'S EXHIBIT F
# Mr. Simeone's Trans Union Consumer Disclosure dated May 23, 2025, Wells Fargo Tradeline – Excerpt

| October 2019 | November 2019 | December 2019 | January 2020 | February 2020 | March 2020 |
|---|---|---|---|---|---|
| Balance<br>- - - | Balance<br>- - - | Balance<br>- - - | Balance<br>- - - | Balance<br>- - - | Balance<br>- - - |
| Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - |
| Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - |
| Remarks<br>- - - | Remarks<br>- - - | Remarks<br>- - - | Remarks<br>- - - | Remarks<br>- - - | Remarks<br>- - - |
| Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** |

| April 2020 | May 2020 | June 2020 | July 2020 | August 2020 | September 2020 |
|---|---|---|---|---|---|
| Balance<br>- - - | Balance<br>- - - | Balance<br>- - - | Balance<br>- - - | Balance<br>- - - | Balance<br>- - - |
| Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - |
| Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - |
| Remarks<br>- - - | Remarks<br>- - - | Remarks<br>- - - | Remarks<br>- - - | Remarks<br>- - - | Remarks<br>- - - |
| Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** |

**PLAINTIFF'S EXHIBIT F**
**Mr. Simeone's Trans Union Consumer Disclosure dated May 23, 2025, Wells Fargo Tradeline – Excerpt**

| October 2020 | November 2020 | December 2020 | January 2021 | February 2021 | March 2021 |
|---|---|---|---|---|---|
| Balance - - - | Balance - - - | Balance - - - | Balance - - - | Balance - - - | Balance - - - |
| Past Due - - - | Past Due - - - | Past Due - - - | Past Due - - - | Past Due - - - | Past Due - - - |
| Scheduled Payment - - - | Scheduled Payment - - - | Scheduled Payment - - - | Scheduled Payment - - - | Scheduled Payment - - - | Scheduled Payment - - - |
| Remarks - - - | Remarks - - - | Remarks - - - | Remarks PRL< | Remarks CBG/> | Remarks - - - |
| Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** |

| April 2021 | May 2021 | June 2021 | July 2021 | August 2021 | September 2021 |
|---|---|---|---|---|---|
| Balance | Balance | Balance | Balance | Balance | Balance |
| Past Due - - - | Past Due - - - | Past Due - - - | Past Due - - - | Past Due - - - | Past Due - - - |
| Scheduled Payment - - - | Scheduled Payment - - - | Scheduled Payment - - - | Scheduled Payment - - - | Scheduled Payment - - - | Scheduled Payment - - - |
| Remarks PRL< | Remarks CBG/> | Remarks - - - | Remarks PRL< | Remarks CBG/> | Remarks - - - |
| Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** |

# PLAINTIFF'S EXHIBIT F
# Mr. Simeone's Trans Union Consumer Disclosure dated May 23, 2025, Wells Fargo Tradeline – Excerpt

| October 2021 | November 2021 | December 2021 | January 2022 | February 2022 | March 2022 |
|---|---|---|---|---|---|
| Balance<br>- - - | Balance<br>- - - | Balance<br>- - - | Balance<br>- - - | Balance<br>- - - | Balance<br>- - - |
| Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - |
| Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - |
| Remarks<br>PRL< | Remarks<br>CBG/> | Remarks<br>- - - | Remarks<br>PRL< | Remarks<br>CBG/> | Remarks<br>- - - |
| Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** |

| April 2022 | May 2022 | June 2022 | July 2022 | August 2022 | September 2022 |
|---|---|---|---|---|---|
| Balance<br>- - - | Balance<br>- - - | Balance<br>- - - | Balance<br>- - - | Balance<br>- - - | Balance<br>- - - |
| Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - | Past Due<br>- - - |
| Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - | Scheduled Payment<br>- - - |
| Remarks<br>PRL< | Remarks<br>CBG/> | Remarks<br>- - - | Remarks<br>PRL< | Remarks<br>CBG/> | Remarks<br>- - - |
| Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** |

| October 2022 | November 2022 | December 2022 | January 2023 | February 2023 | March 2023 |
|---|---|---|---|---|---|
| Balance<br>- - - | Balance<br>$3,130 | Balance<br>$3,103 | Balance<br>$3,074 | Balance<br>$3,036 | Balance<br>$3,012 |
| Past Due<br>- - - | Past Due<br>$0 | Past Due<br>$0 | Past Due<br>$0 | Past Due<br>$0 | Past Due<br>$0 |
| Scheduled Payment<br>- - - | Scheduled Payment<br>$98 | Scheduled Payment<br>$101 | Scheduled Payment<br>$102 | Scheduled Payment<br>$94 | Scheduled Payment<br>$100 |
| Remarks<br>PRL< | Remarks<br>CBG/> | Remarks<br>- - - | Remarks<br>PRL< | Remarks<br>CBG/> | Remarks<br>- - - |
| Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** | Rating<br>**OK** |

# PLAINTIFF'S EXHIBIT F
# Mr. Simeone's Trans Union Consumer Disclosure dated May 23, 2025, Wells Fargo Tradeline – Excerpt

| | April 2023 | May 2023 | June 2023 | July 2023 | August 2023 | September 2023 |
|---|---|---|---|---|---|---|
| Balance | $2,981 | $3,080 | $3,191 | $3,306 | $3,386 | $3,465 |
| Past Due | $0 | $0 | $98 | $227 | $369 | $517 |
| Scheduled Payment | $98 | $129 | $142 | $148 | $113 | $113 |
| Remarks | PRL< | CBG/> | - - - | PRL< | CBG/> | - - - |
| Rating | **OK** | **OK** | **30** | **60** | **90** | **120** |

| | October 2023 | November 2023 | December 2023 | January 2024 | February 2024 | March 2024 |
|---|---|---|---|---|---|---|
| Balance | $3,549 | - - - | $3,632 | $3,632 | $3,632 | $3,632 |
| Past Due | $630 | - - - | $3,632 | $3,632 | $3,632 | $3,632 |
| Scheduled Payment | $119 | - - - | - - - | - - - | - - - | - - - |
| Remarks | PRL< | CBG/> | - - - | PRL< | CBG/> | - - - |
| Rating | **120** | **N/R** | **C/O** | **C/O** | **C/O** | **C/O** |

| | April 2024 | May 2024 | June 2024 | July 2024 | August 2024 | September 2024 |
|---|---|---|---|---|---|---|
| Balance | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 |
| Past Due | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 | $3,632 |
| Scheduled Payment | - - - | - - - | - - - | - - - | - - - | - - - |
| Remarks | PRL< | CBG/> | - - - | PRL< | CBG/> | - - - |
| Rating | **C/O** | **C/O** | **C/O** | **C/O** | **C/O** | **C/O** |

## PLAINTIFF'S EXHIBIT F
## Mr. Simeone's Trans Union Consumer Disclosure dated May 23, 2025, Wells Fargo Tradeline – Excerpt

| October 2024 | November 2024 | December 2024 | January 2025 | February 2025 | March 2025 |
|---|---|---|---|---|---|
| Balance $3,632 | Balance $3,632 | Balance $3,632 | Balance $3,632 | Balance $3,632 | Balance $3,632 |
| Past Due $3,632 | Past Due $3,632 | Past Due $3,632 | Past Due $3,632 | Past Due $3,632 | Past Due $3,632 |
| Scheduled Payment - - - | Scheduled Payment - - - | Scheduled Payment - - - | Scheduled Payment - - - | Scheduled Payment - - - | Scheduled Payment - - - |
| Remarks PRL< | Remarks CBG/> | Remarks - - - | Remarks PRL< | Remarks CBG/> | Remarks - - - |
| Rating C/O | Rating C/O | Rating C/O | Rating C/O | Rating C/O | Rating C/O |

| April 2025 | May 2025 |
|---|---|
| Balance $3,632 | Balance $3,632 |
| Past Due $3,632 | Past Due $3,632 |
| Scheduled Payment - - - | Scheduled Payment - - - |
| Remarks PRL< | Remarks CBG/> |
| Rating C/O | Rating C/O |

## PLAINTIFF'S EXHIBIT F
# Mr. Simeone's Trans Union Consumer Disclosure dated May 23, 2025, Wells Fargo Tradeline – Excerpt

### Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

WELLS FARGO CARD SERV ███████████

### Account Information

| | |
|---|---|
| **Address** | PO BOX 393 MINNEAPOLIS, MN 55480 |
| **Phone** | (855) 854-3502 |
| **Date Opened** | 09/04/2011 |
| **Responsibility** | Joint Account |
| **Account Type** | Revolving Account |
| **Loan Type** | CREDIT CARD |
| **Date Updated** | 08/26/2024 |
| **Payment Received** | $0 |
| **Last Payment Made** | 03/14/2023 |
| **High Balance** | $10,802 |
| **Credit Limit** | $9,300 |
| **Pay Status** | Unrated |
| **Terms** | Paid Monthly |
| **Date Closed** | 05/30/2023 |
| **Remarks** | CLOSED BY CREDIT GRANTOR |

# PLAINTIFF'S EXHIBIT G
# Mr. Simeone's Experian Consumer Disclosure dated August 22, 2025 – Excerpt



# PLAINTIFF'S EXHIBIT G
# Mr. Simeone's Experian Consumer Disclosure dated August 22, 2025 – Excerpt

## Potentially negative items

No **Public Record** items appear on your report.

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| CAPITAL ONE | ▮▮▮▮▮▮▮▮ | $3,632 as of 07/31/2025 | 04/06/2015 | **Account charged off. $3,632 written off, $3,632 past due as of Jul 2025.** |

| | Type | Credit limit or original amount | Date of status | Comment |
|---|---|---|---|---|
| PO BOX 31293 SALT LAKE CITY, UT 84131 8009557070 **Address identification number** 0838265093 | Credit card **Terms** Not reported **On record until** Feb 2030 | $4600 **High balance** $4505 **Monthly payment** Not reported | 11/2023 **Responsibility** Individual | Account previously in dispute - investigation complete, reported by data furnisher **Comment** Account closed at credit grantor's request. **Reinvestigation information** This item was updated from our processing of your dispute in Aug 2025. |

**Account history**

| 2025 Jul | Jun | May | Apr | Mar | Feb | Jan | 2024 Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | 2023 Dec | Nov | Oct | Sep | Aug | Jul | Jun |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | 150 | 120 | 90 | 60 | 30 |
| May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr |
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
| Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | | | | | | | | |
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | | | | | | | | |

(2022, 2021, 2020, 2019 year markers appear in history grid)

Charge Off as of Jul 2025 to Nov 2023
150 days past due as of Oct 2023
120 days past due as of Sep 2023
90 days past due as of Aug 2023
60 days past due as of Jul 2023
30 days past due as of Jun 2023

**Balance history**

The following data will appear in the following format:
Date: account balance / date payment received / scheduled payment amount / actual amount paid
May 2025: $3,632 / Apr 12, 2023 / $0 / $0
Apr 2025: $3,632 / Apr 12, 2023 / $0 / $0
Mar 2025: $3,632 / Apr 12, 2023 / $0 / $0
Feb 2025: $3,632 / Apr 12, 2023 / $0 / $0
Jan 2025: $3,632 / Apr 12, 2023 / $0 / $0
Dec 2024: $3,632 / Apr 12, 2023 / $0 / $0
Nov 2024: $3,632 / Apr 12, 2023 / $0 / $0
Oct 2024: $3,632 / Apr 12, 2023 / $0 / $0
Sep 2024: $3,632 / Apr 12, 2023 / $0 / $0
Aug 2024: $3,632 / Apr 12, 2023 / $0 / $0
Jul 2024: $3,632 / Apr 12, 2023 / $0 / $0
Jun 2024: $3,632 / Apr 12, 2023 / $0 / $0
May 2024: $3,632 / Apr 12, 2023 / $0 / $0
Apr 2024: $3,632 / Apr 12, 2023 / $0 / $0
Mar 2024: $3,632 / Apr 12, 2023 / $0 / $0
Feb 2024: $3,632 / Apr 12, 2023 / $0 / $0
Jan 2024: $3,632 / Apr 12, 2023 / $0 / $0
Dec 2023: $3,632 / Apr 12, 2023 / $0 / $0
Oct 2023: $3,549 / Apr 12, 2023 / $119 / $0
Sep 2023: $3,465 / Apr 12, 2023 / $113 / $0
Aug 2023: $3,386 / Apr 12, 2023 / $113 / $0
Between Aug 2023 and May 2025, your credit limit/high balance was $4,600

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| WFBNA CARD | 446542029611.... | Not reported | 09/04/2011 | **Discharged through Bankruptcy Chapter 7.** |

| | Type | Credit limit or original amount | Date of status | Reinvestigation information |
|---|---|---|---|---|
| PO BOX 393 MINNEAPOLIS, MN 55480 8558543502 **Address identification number** 0076137360 | Credit card **Terms** Not reported **On record until** Jun 2028 | $9300 **High balance** $10802 **Monthly payment** Not reported | 09/2023 **Responsibility** Joint with ROSEMARY SIMEONE | This item was updated from our processing of your dispute in Aug 2025. |